

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE MICROSOFT CORP. | * | |
| ANTITRUST LITIGATION | * | MDL 1332 |
| | * | |
| "Consumer Track" | * | |
| | * | |
| This Document Relates To: | * | |
| | * | |
| *McCall v. Microsoft Corp.* | * | Civil No. JFM-99-3897 |
| *Moscowitz v. Microsoft Corp.* | * | Civil No. JFM-00-2444 |
| *Howard v. Microsoft Corp.* | * | Civil No. JFM-00-2446 |
| *Strickley v. Microsoft Corp.* | * | Civil No. JFM-00-2447 |
| *Prentice v. Microsoft Corp.* | * | Civil No. JFM-00-2451 |
| | ***** | |

MEMORANDUM

Microsoft has filed a motion to dismiss certain complaints asserting state law claims. Specifically, Microsoft seeks to dismiss in their entirety the complaints filed in *Howard v. Microsoft Corp.*, *Moscowitz v. Microsoft Corp.*, *Prentice v. Microsoft Corp.*, and *Strickley v. Microsoft Corp.*, and the complaint in *McCall v. Microsoft Corp.* to the extent that plaintiffs in that action seek relief other than injunctive relief.

Microsoft's motion will be granted in all respects. In an opinion issued on January 12, 2001, I deferred ruling on Microsoft's motion to dismiss with respect to certain state law claims to "await guidance from the appellate courts in those states." *In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 722-23 (D. Md. 2001). Microsoft's present motion is based upon state appellate court decisions that have been rendered since my January 12, 2001 Opinion.

Connecticut - *Moscowitz*

In *Vacco v. Microsoft Corp.*, 793 A.2d 1048 (Conn. 2002), the Connecticut Supreme Court

affirmed the trial court's dismissal of claims asserted by the plaintiff under the Connecticut Antitrust Act and under the Connecticut Unfair Trade Practices Act. Plaintiffs in this action concede that they cannot distinguish the claim they have asserted under the Connecticut Unfair Trade Practices Act (the sole claim they have asserted) from the similar claim asserted in *Vacco*.

Kentucky - *Strickley* and *Howard*

In *Arnold v. Microsoft Corp.*, No. 2000-CA-002144-MR, 2001 WL 1835377 (Ky. Ct. App. Nov. 21, 2001), the Kentucky Court of Appeals held that *Illinois Brick* bars suits by indirect purchasers of Microsoft operating software licenses under Kentucky's version of the Sherman Act and Kentucky's Consumer Protection Act. *Id.* at *7. On November 13, 2002, the Supreme Court of Kentucky denied discretionary review of the *Arnold* decision.

Plaintiffs here seek to distinguish *Arnold* on the ground that the *Arnold* plaintiffs did not assert a claim for unjust enrichment under Kentucky common law. However, in *Arnold* the court held that a more specific statute controls over a more general one. *Id.* Therefore, under *Arnold* a claim for damages for antitrust violations cannot be asserted under the Kentucky Consumer Protection Act where they cannot be asserted under Kentucky's version of the Sherman Act. This same reasoning equally applies to a common law claim for unjust enrichment arising from antitrust violations.

Maryland - *McCall*

In *Davidson v. Microsoft Corp.*, 792 A.2d 336, 344 (Md. Cts. Spec. App.), *cert. denied*, 801 A.2d 1032 (Md. 2002), the Maryland Court of Special Appeals held that *Illinois Brick* bars actions brought by indirect purchasers of licenses to Microsoft software. Plaintiffs in this action ask that this court certify the *Illinois Brick* question to the Maryland Court of Appeals. In light of a recent

amendment to the Maryland Uniform Certification of Questions of Law Act, Md. Code Ann., Cts. & Jud. Proc. §12-603, which permits certification only where "there is no controlling appellate decision . . .," there is no statutory authority for the certification plaintiffs request. In any event, in light of the Maryland Court of Appeals' exercise of its discretionary power to deny certiorari in the *Davidson* case, I would not certify the question even if the Maryland certification statute so allowed.

Oklahoma - *Prentice*

In *Major v. Microsoft Corp.*, 60 P.3d 511 (Okla. Ct. App. 2002), the Oklahoma Court of Civil Appeals held that the "holdings of *Illinois Brick*" apply to claims brought under the Oklahoma Antitrust Reform Act. *Id.* at 513. The claims asserted in *Major* are the same as those asserted in *Prentice*.

The *Prentice* plaintiffs point out that opinions of the Oklahoma Court of Civil Appeals are not precedential and are merely persuasive in nature. However, "[w]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Hicks v. Feiock*, 485 U.S. 624, 630 n.3 (1988); *see also Assicurazioni Generali, S.p.A. v. Neil*, 160 F.3d 997, 1003 (4th Cir. 1998) ("Generally, only if the decision of a state's intermediate court cannot be reconciled with state statutes, or decisions of the state's highest court, or both, may a federal court sitting in diversity refuse to follow it."); *O'Neil v. Great Plains Women's Clinic, Inc.*, 759 F.2d 787, 790 (10th Cir. 1985) ("[I]n examining Oklahoma law, in the absence of a state supreme court ruling, the federal court must follow an intermediate state court decision unless other authority is convincing that the state supreme

court would decide otherwise."). Here, there is no basis for inferring that the holding in *Major* does not reflect Oklahoma law, particularly since the Oklahoma Supreme Court denied a petition for certiorari on November 19, 2002.

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date: January 27, 2003          /s/
                                J. Frederick Motz
                                United States District Judge